Mr. Chief Justice Shepard
delivered the opinion of the
Court:
It is well settled that where a broker authorized to make a sale finds a purchaser willing and able to buy on the authorized terms, and the owner makes the sale himself, or the consummation of the sale is prevented by his refusal or fault, the broker is entitled to his compensation. Bryan v. Abert, 3 App. D. C. 180-187; Dotson v. Milliken, 27 App. D. C. 500-514; 209 U. S. 237, 52 L. ed. 768, 28 Sup. Ct. Rep. 489.
Were it not for the reservation by the defendants of the right to sell through other agents, there could be no doubt of the plaintiff’s right to recover under the evidence submitted. Ry reason of an admitted denial of the exclusive right of sale to the plaintiff, it is contended that the case is governed by the rule established in the case of Daniel v. Columbia Heights Land Co. 9 App. D. C. 483. In that ease it appears that plaintiff had been informed by the owner that the property was and had been in the hands of another agent for sale on the same terms stated to him; and that whichever agent should consummate it would receive the commission. Plaintiff assent-ted thereto. The property was well known to the party subsequently purchasing, who had wanted to buy it, but was not prepared to. He saw the signs of both agents on the lot. Plaintiff advertised the property, and saw the purchaser, offering it to him at the price fixed. Shortly after, the purchaser effected a loan that enabled him to buy, and employed a broker to effect the purchase. The broker saw plaintiff and the other agent, and finally closed with the latter. The owner made the deed, and paid the agent who closed the sale; having no knowledge that the plaintiff had anything to do with finding the purchaser or inducing him to buy. Holding that, under the conditions, plaintiff was not entitled to recover a commis *309 sion of the owner, it was said that, by consenting to the arrangement, plaintiff incurred the risk of competition and the chance of the loss of commissions. That the obligation to pay the commission must be confined to the terms in which it was expressed; it was not to pay one who might find a purchaser, but the one who should produce him and consummate the sale. That the most plaintiff could claim was that he came near making the sale, and would have done so had not the purchaser finally closed with the other agent. That under the arrangement made, it was the duty of the owner to act impartially between the two agents, and not to collude with either; but he was not called upon to inquire into and adjudicate the conflicting claims of the agents; such a rule would be unreasonable, for under it an owner could safely have but one ogent. In conclusion it was said: “It is hard upon the plaintiffs to lose the profits they had labored to make in the sale of the property; but that was one of the incidental risks of the competition they had entered into, and affords no reason why the defendant, who had no agency in that loss, should be required to make it good.” The learned trial justice was evidently of the opinion that the evidence offered by the plaintiff brought the case within the rule laid down in Daniel v. Columbia Heights Land Co.
The court is never justified in directing a verdict except in cases where, conceding the truthfulness of the witnesses and giving full effect to every legitimate inference that may be-deduced from their testimony, it is nevertheless plain that the party has not made out a case sufficient in law to entitle him to a verdict. Adams v. Washington & G. R. Co. 9 App. D. C. 26-31; Capital Traction Co. v. Brown, 29 App. D. C. 473— 476, 12 L.R.A.(N.S.) 831, 10 A. & E. Ann. Cas. 813.
Applyig this rule to the evidence of the plaintiff, we think: the case is not clearly brought within the rule of Daniel v. Columbia Heights Land Co. which we unhesitatingly reaffirm. It is true that the plaintiff was denied the exclusive right off sale when applied for, and that, while he had procured a purchaser willing and able to buy on the authorized terms, an *310 other person actually effected the sale at a less price. Defendants knew when they made the sale that the purchaser, stimulated by plaintiff, was willing, as well as able, to close the sale on the terms authorized by them. It does not appear that they had, in exercise of their reserved right, actually employed another agent. It may be, as reasonably inferred from the evidence, that Gadsby acted in the transaction as the agent of the purchaser, as that he acted as the agent of defendants. If he acted as the agent of the purchaser in procuring more satisfactory terms, and raising part of the money, the defendants cannot escape liability to the plaintiff, by merely making the sale themselves on different terms. Bryan v. Abert, 3 App. D. C. 180-187.
Any reasonable doubt as to the inference whether Gadsby was the agent of the purchaser or of the defendants must, under the rule stated, be resolved in favor of the plaintiff. This inference is to some extent strengthened by the fact testified to, that defendants denied knowing who the purchaser was when inquired of by plaintiff, before the sale was actually completed. We are of the opinion, therefore, that it was error to direct the verdict for the defendants. It must be remembered that what we have said is applied only to the case as made by the evidence in the record.
If, upon another trial, no other evidence should be introduced, the plaintiff would be entitled to a verdict. The defendants may, however, introduce evidence sufficient to bring their ease within the rule of Daniel v. Columbia Heights Land Co. supra. In such event, the whole of the evidence may be submitted to the determination of the jury, with instructions embodying the applicable principles of law, stated above.
The judgment will be reversed, with costs, and the cause remanded with direction to grant a new trial. Reversed.